RECEIVED
IN ALEXANDRIA, LA
SEP 22 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOSEPH P. RODGERS

versus

TARGET CORPORATION

Case No. 1:08-cv-1300

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is Target Corporation's ("Target") motion for summary judgment under Rule 56 as to plaintiff's class claims incorrectly stated as a motion for judgment as a matter or law. (Doc. Item 32).

Plaintiff, Joseph P. Rodgers ("Rodgers") filed an "individual and representative action Complaint brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*" against Target alleging that it "persistently discriminated against Plaintiff and other members of the prospective class who are over the age of forty (40) and who have been demoted, terminated or constructively discharged from their employment with [Target]". (Doc. Item 1, p. 1). In response to the complaint, Target filed both an answer and the aforementioned motion for summary judgment.

In the motion for summary judgment, Target argues that Rodgers is not a suitable collective action representative as he worked in the Assets Protection Division ("Assets Protection pyramid")[1] which operated under an entirely different chain of command than the

---

[1] Target's Assets Protection Division manages issues such as store safety, fraud and theft.

Stores Pyramid. Accordingly, he is not similarly situated with other potential class members who worked under the Stores Pyramid.

In response, Rodgers sets forth several arguments. One, that a genuine issue does exist with respect to whether the pyramids are separate and distinct or whether they overlap; two, the question of "similarly situated" should only be addressed when the plaintiff moves for conditional certification of the class; and, three, that because discovery has not commenced in this case, he is without facts essential to justify his opposition pursuant to Federal Rule of Civil Procedure 56(f).

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Additionally, paragraph (f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 178 (5th Cir.1990) ( citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

Finally, Rule 56(f) motions are "broadly favored and should be liberally granted." Culwell v. City of Fort Worth, 468 F.3d. 868, 871 (5th Cir. 2006), citing International Shortstop, Inc. V. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991). In order to obtain a Rule 56(f) continuance, one must: (1) request extended discovery

prior to the court ruling on summary judgment; (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is sought; (3) demonstrate how the requested discovery pertains to the pending motion and (4) show that one has diligently pursued discovery. <u>Witchita Falls Office Associates v. Banc One Corp.</u>, 978 F.2d 915, 919 (5th Cir. 1992), citing <u>Int'l Shortstop</u>, 939 F.2d at 1268.

## Discussion

Target contends Rodgers is not and cannot be similarly situated to prospective members of the class because he worked in Target's Assets Protection division which operated under a completely different chain of command from those who worked in the Stores Pyramid. In support, Target notes the portion of Rodgers' deposition which was taken on March 14, 2006 in the case <u>Maiahy v. Target Corp.</u>, CV-03-1685-L, (W.D. Okla. Dec. 9, 2003), in which Rodgers stated his reporting relationship to the Store Team Leader of the store was indirect and the Store Team Leader did not write his review or take corrective action against him. (Doc. Item 32-2 and 42-1).

Rodgers rebuts by noting various parts of his testimony including statements that his job duties required him to interact with employees and managers in the Stores Pyramid, that his Store Team Leader, Lance Thomas, did in fact provide a negative written evaluation of his job performance which was considered in his

5

evaluation and that Lance Thomas participated in a written warning reprimand. (Doc. Item 32-2 and 42-1).

Target also relies upon the affidavit of Mark Shoemaker, Group Assets Protection Team Leader, in which Shoemaker states those under the Stores Pyramid have no authority, input or influence over those in the Assets Protection Pyramid and vice versa. (Doc. Item 32-2). Yet the 2000 Target job descriptions for Assets Team Leader and Executive Team Leader Assets Protection indicate indirect reporting to Store Team Leaders and interaction with store team members at all levels. (Doc. Item 43-2).

Finally, the affidavit of attorney Jim T. Priest (Doc. Item 42-6, Exhibit 4) states that no discovery has taken place in the matter, Rodgers seeks to explore the lines of supervision, reporting and involvement between the pyramids of Target and this information would be used to determine whether or not Rodgers is in fact similarly situated to others in the putative class.

As Rodgers has established that a genuine issue of material fact does exist with respect to whether the pyramids are separate and distinct and that a continuance under Rule 56(f) is proper, the motion for summary judgment should not be granted at this time.

## Conclusion

Accordingly, IT IS RECOMMENDED that Target's motion for summary judgment be denied and the parties proceed with discovery

in accordance with the plan of work.[2]

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 22 day of September, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties should be aware that the undersigned will issue an order shortly scheduling a telephone conference to discuss certification issues and a timeline for discovery pertaining thereto.