RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/11/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH P. RODGERS | CIVIL ACTION NO. 1:08-cv-1300 |
| -vs- | JUDGE DRELL |
| TARGET CORPORATION | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the Court are Defendant's motion for summary judgment, (Doc. 69), and Plaintiff's motions to strike, (Doc. 71), or to hold in abeyance, (Doc. 136), that motion. For the reasons given below, Defendant's motion, (Doc. 69), is DENIED, partly on its merits and partly because it is premature. Consequently, Plaintiff's motions, (Docs. 71, 136), are also DENIED as moot.

Defendant filed an earlier summary judgment motion, its first, on January 30, 2009, arguing that Plaintiff's class discrimination claims should be dismissed because Plaintiff worked in a different division than some of the class members he sought to represent and thus could not be an appropriate class representative for them. (Doc. 32). We denied that motion later that year, and, on September 29, 2009, we ordered that the parties would have 180 days – a deadline which has since been extended numerous times – to conduct discovery on this class representation issue. (Doc. 61).

During this discovery period, Defendant filed its second motion for summary judgment, (Doc. 69), seeking judgment on two grounds: (i) that Plaintiff failed timely to exhaust the administrative prerequisites to his individual constructive discharge claim by failing to file a charge with the EEOC within the 300 day statutory deadline, and (ii) that in any case he cannot establish the factual circumstances necessary to maintain his individual constructive discharge claim. (Doc.

69-6, pp. 8-10).

Regarding the first point, we DENY Defendant's motion on the merits. As Plaintiff makes clear, he filed an EEOC intake questionnaire on November 29, 2005, well within even the earliest interpretation of the 300 day EEOC time-limit.[1] Plaintiff claims, citing EEOC guidance, that submission of this questionnaire qualifies as a timely-filed EEOC charge. (Doc. 105, pp. 17-19). Defendant does not deny either Plaintiff's factual contention that the questionnaire was filed, or the legal conclusion that filing it satisfies the EEOC filing requirement.[2] Instead, it claims only, "plaintiff's contention that his EEOC charge on November 29, 2005 is inconsistent with his judicial Complaint," where he avers to filing his EEOC charge in the summer of 2006. Defendant claims correctly that "Factual assertions in the complaint are judicial admissions conclusively binding on the plaintiff." (Doc. 114, p. 2) (quoting *Ikossi-Anastasion v. Board of Supervisors of La. State. Univ.*, 579 F.3d 546, 550 (5th Cir. 2009). Accordingly, it claims, Plaintiff and this Court are bound by Plaintiff's earlier contention.

We find that Defendant's position misunderstands the doctrine it cites. Factual assertions in the complaint are indeed binding. Legal constructions or conclusions drawn from those factual assertions are not. Here, Plaintiff does not change his story about when he filed his formal charge with the EEOC. Rather, in the face of Defendant's challenge to the legal timeliness of that filing, he comes forward with the fact that he had earlier filed a different and additional document with the EEOC, not a formal charge but an intake questionnaire. That, legally, this document may satisfy the

---

[1] The expiration date depends on when his claim began to accrue. Plaintiff claims this could be as late as October 2005, Defendant no later than June 2005. Because of our finding on the questionnaire issue, we do not reach this disagreement here.

[2] We do not explore these questions further as Defendant has not contested them, and Defendant carries the initial burden to show, factually and legally, why he is entitled to judgment as a matter of law.

charge requirement does not change the fact of when he filed the second document, or otherwise factually contradict his complaint.

Regarding the second basis on which Defendant claims it is entitled to summary judgment, we agree with Plaintiff that Defendant's motion was and remains premature. Defendant filed this motion improperly initially, seeking summary judgment on the issue of Plaintiff's individual claim while discovery in the case was limited solely to the class representation issue, a limitation which Defendant apparently studiously enforced when Plaintiff sought additional discovery related to his individual claim. Presently, some discovery concerning Plaintiff's claim is complete, but some remains ongoing. Defendant valiantly tries to argue that this remaining discovery is irrelevant to the issue of Plaintiff's individual claim, but for the reasons articulated in Plaintiff's response and related motions, we disagree. In any case, as the convoluted record in this case indicates, Defendant's attempt to separate Plaintiff's individual claim(s) from the other issues in the case has yielded not efficiency, but confusion. For these reasons, we DENY this portion of Defendant's motion as premature, permitting it to refile on this ground once discovery is complete so that the Court may consider it and all of the issues related to it at once. In all, and accordingly:

IT IS ORDERED that Defendant's motion is DENIED (Doc. 69), partly on the merits and partly as premature, with permission to refile upon the completion of discovery.

IT IS FURTHER ORDERED that Plaintiff's motions (Docs. 71, 136) are DENIED as moot.

SIGNED on this 11 day of August, 2011 at Alexandria, Louisiana

DEE D. DRELL
UNITED STATES DISTRICT JUDGE