RECEIVED
SEP 2 8 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH P. RODGERS | CIVIL ACTION NO. 08-1300 |
| -vs- | JUDGE DRELL |
| TARGET CORP. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court are several pending motions. The first is a "Motion to Conditionally Certify Class" (Doc. 121) by Joseph P. Rodgers ("Mr. Rodgers"). Mr. Rodgers has also filed a "Motion to Join Party Plaintiffs" (Doc. 155) and a "Second Motion to Join Party Plaintiffs" (Doc. 170) (collectively, "the joinder motions"). Finally, Target Corporation ("Target") has filed a "Motion to Strike Exhibits." (Doc. 160). For the following reasons, the "Motion to Conditionally Certify Class" (Doc. 121) will be **GRANTED**; the joinder motions (Docs. 155 & 170) will be **DENIED**; and the motion to strike (Doc. 160) will be **DENIED**.

I. **Procedural Background**

On August 29, 2008, Mr. Rodgers filed an individual and representative action Complaint (Doc. 1) pursuant to the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621, *et seq.* against Target alleging that it "persistently discriminated against Plaintiff and other members of the prospective class who are

over the age of forty and who have been demoted, terminated or constructively discharged from their employment" with Target. (Doc. 1).

Mr. Rodgers began his employment with Target on September 14, 1982, and he alleges he was constructively discharged on October 31, 2005 at the age of forty-eight. Plaintiff alleges he voluntarily terminated his employment with Target because his performance evaluations began to fall without reason in 2005. Mr. Rodgers filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 16, 2006[1] alleging he was "forced to retire because [he] anticipated that [he] would be fired based on [his] age" and "that [Target] has demonstrated a pattern of age discrimination that ha[d] occurred not only in Louisiana, but also in other states and has affected a class of individuals over the age of 40." (Doc. 133-4). Plaintiff received a "Notice of Suit Rights" from the EEOC dated June 2, 2008.

The Court has denied dispositive motions in the case (Docs. 62 & 146), and the disposition of the class and joinder motions is now ripe.

II. <u>Law and Analysis</u>

    A. *Motion to Conditionally Certify Class*

A class action under the ADEA must conform with the requirements established by the Fair Labor Standards Act of 1938, § 16(b), codified at 29 U.S.C. § 216(b) ("Section 216(b)"). <u>Anson v. Univ. of Texas Health Sci. Ctr. at Houston</u>, 962

---

[1] In his Amended Complaint (Doc. 138), Mr. Rodgers clarifies he filed an EEOC Charge Intake Questionnaire on November 29, 2005 which set forth information sufficient to make it a timely "charge" for administrative exhaustion purposes under the ADEA. (Docs. 138 & 133-3). His "formal, Form 5 Charge was filed on or about May 16, 2006" and he filed an "amended Form 5 Charge on or about July 15, 2006." (Docs. 138 & 133-4).

2

F.2d 539, 540 (5th Cir. 1992)(citing ADEA, § 7(d); 29 U.S.C. § 626(d); La Chapelle v. Owens-Illinois, 513 F. 2d 286 (5th Cir. 1975)). Section 216(b) allows an employee to become an "'opt-in' party plaintiff to an already filed suit by filing written consent with the court where the suit is pending." Id. Such "opt-in" procedure is different from a Fed. R. Civ. P. 23 class action which follows an "opt-out" procedure. Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by* Desert Palace v. Costa, 539 U.S. 90 (2003)). Such action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added).

As in Mooney, the "center of this dispute is what 'similarly situated' means in the ADEA context," and precisely how strong a showing Plaintiff must presently make in order for a conditional class certification to issue. Mooney, 54 F.3d at 1213. We lack clear guidance from the Fifth Circuit on the appropriate methodology to employ when addressing a conditional class certification. Id. at 1216 ("In so holding we specifically *do not* endorse the methodology employed by the district court, and *do not* sanction any particular methodology."). With the Fifth Circuit's refusal to endorse a particular approach in this situation, we observe how our sister court in the Western District of Oklahoma has confronted an identical situation against Target. Charlette D. Lachney, et al. v. Target Corp., W.D. Okla., Docket No. 06-1389, "Order" dated March 16, 2007, Rec. Doc. 26.

3

In <u>Lachney</u>, District Judge Joe Heaton utilized the *ad hoc* approach endorsed by the Tenth Circuit in <u>Thiessen v. General Elec. Cap. Corp.</u>, 267 F.3d 1095, 1105 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002). We note the parties in our case at this stage have conducted more discovery than was complete when Judge Heaton addressed conditional certification. However, as we stated in our Minute Entry signed March 28, 2012, Plaintiff's requests to issue a class notice and for disclosure of contact information is "part and parcel" of his motion for conditional class certification. (Doc. 185). That is to say, without the benefit of a class notice and collecting information regarding potential "opt-in" class members, additional <u>relevant</u> discovery is appropriate. Accordingly, we employ the more lenient standard and find Plaintiff has satisfied his burden of showing that "the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." <u>Mooney</u>, 54 F.3d at 1214, n.8 (citing <u>Sperling v. Hoffmann-La Roche, Inc.</u>, 118 F.R.D. 392, 407 (D.N.J. 1988)). We have reviewed the voluminous affidavits submitted by Plaintiff illustrating how persons over the age of forty appear to have been adversely affected by policies implemented by Target. We do not comment on the likelihood of success on the merits by either party. Rather, <u>at this stage</u>, we find the following conditional class certification to be appropriate:

All individuals who

(1) worked for Target for at least five (5) years;

(2) who suffered an adverse employment action, limited to constructive discharge, forced resignation/retirement, and/or actual termination;

4

 (3) were forty (40) years of age or older when their employment ended with Target; and

 (4) whose employment ended between February 2, 2005 and November 29, 2005.

We restrict the dates for putative plaintiffs' ending their employment based on the "single filing" or "piggybacking" 300 day rule in suits brought pursuant to the ADEA. Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595 (5th Cir. 2006).[2] This rule is a "carefully limited exception" to the requirement that a plaintiff must exhaust his or her own administrative remedies before filing suit. Id. at 598; see also Delaware State College v. Ricks, 449 U.S. 250, 256–57 (1980) ("The limitations periods . . . also protect employers from the burden of defending claims arising from employment decisions that are long past.").

 We agree with Defendant that the relevant time frame of termination from employment for an individual to be eligible to opt into Plaintiff's lawsuit is February 2, 2005 to November 29, 2005. November 29, 2005 is the end date for the 300 day period because when an individual fills out an EEOC Intake Questionnaire, as Mr. Rodgers did on November 29, 2005, any later formal charge relates back to the date on the questionnaire. Price v. Southwestern Bell. Tel., 687 F.2d 74 (5th Cir. 1982); Doc. 126-2.

 Accordingly, Plaintiff's Motion to Conditionally Certify Class (Doc. 121) will be **GRANTED** and Plaintiff should submit a proposed notice of collective action and opt-

---

[2] Plaintiffs in Price sued for Title VII violations, but the ADEA's administrative procedure was modeled after Title VII's procedure. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 395, n.11 (1982). Based on this similarity, courts apply the "single filing rule" by analogy to ADEA actions. Tolliver v. Xerox Corp., 918 F.2d 1052, 1057 (2d Cir. 1990).

5

in consent form, in accordance with the above restrictions, for the Court's consideration.

### B. *Motions for Joinder*

Plaintiff has filed two motions seeking to join certain named parties as plaintiffs pursuant to Fed. R. Civ. P. 20. (Docs. 155 & 170). Rule 20 provides:

(1) Persons *may* join in one action as plaintiffs if:

    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20 (emphasis added). It is important to note the joinder provided by Rule 20 is permissive, not mandatory. In his motions, Plaintiff has provided names and accompanying affidavits of a total of thirty-three (33) former Target employees who assert they suffered age discrimination by Defendant. (Docs. 155 & 170 and attached exhibits).

Despite the asserted common question of law or fact relating to Target's policies and alleged age discrimination, Plaintiff has overlooked the threshold issue of administrative exhaustion requirements under the ADEA. Howlett v. Holiday Inns, Inc., 49 F. 3d 189, 194 (6th Cir. 1995).[3] As discussed *supra*, those individuals who failed to file their own charge of discrimination with the EEOC may take advantage of

---

[3] The Sixth Circuit noted: "It is uncontroversial that the 'single filing rule' is not limited to class actions but also can permit a plaintiff to join individual ADEA actions if the named plaintiff filed a timely administrative charge sufficient to permit "piggybacking" by the joining plaintiff. Howlett, 49 F.3d at 194 (citing Tolliver, 918 F.2d at 1057).

the "piggybacking" rule, but only if they ended their employment within the relevant 300 day time frame set forth above. Based on the facts in the record, only one putative plaintiff in the list of proposed joinder plaintiffs ended his employment with Target between February 2, 2005 and November 29, 2005: Jesus Manuel "Manny" Lovio ("Mr. Lovio"). (Doc. 155-19). However, Mr. Lovio filed his own charge with the EEOC on October 16, 2006 alleging discrimination on the basis of age and national origin. (Doc. 163-3). He received a Notice of Suit Rights from the EEOC dated January 12, 2007. (Doc. 163-3). Mr. Lovio is "bound by the parameters of his own EEOC charge, and cannot subsequently utilize the single filing rule to avoid the statute of limitations." Mooney, 54 F.2d at 1224. Mr. Lovio is not allowed to "piggyback" onto Mr. Rodgers' EEOC claim and is denied permission to join as a party plaintiff. Accordingly, both of Plaintiff's motions for joinder (Docs. 155 & 170) must be **DENIED**.

C. *Motion to Strike*

It is obvious from the foregoing discussion that the motion to strike (Doc. 160) will be **DENIED**. The questioned exhibits were integral to addressing the motions for joinder, and we chose, in our discretion, to consider the exhibits.

III. Conclusion

For the foregoing reasons, Plaintiff's "Motion to Conditionally Certify Class" (Doc. 121) will be **GRANTED**. Plaintiff's "Motion to Join Party Plaintiffs" (Doc. 155) will be **DENIED**. The "Second Motion to Join Party Plaintiffs" (Doc. 170) likewise will

be **DENIED**. Finally, Defendant's "Motion to Strike Exhibits" (Doc. 160) will be

**DENIED**. Disposition will enter by a separate order signed on this date.

SIGNED on this 28th day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE