UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH P. RODGERS | CIVIL ACTION NO. 8-1300 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| TARGET CORPORATION | MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Defendant has filed a motion to compel the depositions of the 36 opt-in plaintiffs, doc. #253[1]. Plaintiff, Joseph P. Rodgers ("Rodgers") filed an "individual and representative action Complaint brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*" against Target alleging that it "persistently discriminated against Plaintiff and other members of the prospective class who are over the age of forty (40) and who have been demoted, terminated or constructively discharged from their employment with [Target]". Suit was filed by plaintiffs in this District and Division. Defendant, Target, seeks to depose the plaintiffs and has suggested to plaintiffs' counsel that they be taken in several central locations such as Dallas, Atlanta, New Orleans, Austin, or Tampa, which cities are served by large airports and, in the case of Dallas and Atlanta, at least, are hubs for major air carriers. Plaintiffs have refused to travel to Louisiana or to these central locations for their depositions. Defendant offered to depose any plaintiffs with a hardship at or close to their residences. Instead, plaintiffs demanded that each plaintiff be deposed at his or her residence location or that Target pay for each plaintiff's travel expenses.

---

[1] Since the time of filing of the motion, certain plaintiffs have withdrawn their claims.

Plaintiffs' position is unreasonable and is contrary to the law in this Circuit[2]. Generally, a plaintiff is required to make himself available for examination in the district in which suit is brought. Xavier v. Belfor USA, 2009 WL 3231547 (E.D. La. 2009). Plaintiffs, having chosen the forum, cannot be heard to complain that it is inconvenient for them. Plaintiffs may overcome application of this general rule by showing extreme medical hardship or irreparable financial injury. See Birkland v. Courtyards Guest House, 2011 WL 4738649 (E.D. La. 2011). Despite the self-serving declarations filed by some of the plaintiffs they have failed to show hardship. If any plaintiff can show, by satisfactory proof, that they have a hardship, the court will reconsider its Order (defendant has already proposed to depose any person with a true hardship at their residence location even without order of the court).

Plaintiffs may not file suit and then expect the person they are suing to pick up the tab for it.

THEREFORE, the motion, doc. #25[3], is GRANTED and IT IS ORDERED, that plaintiffs appear for their depositions in Alexandria, Louisiana unless otherwise agreed by the parties.

It is FURTHER ORDERED that plaintiffs pay all costs and attorney fees associated with the filing of this motion.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 14th day of November, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs have cited extensive authority from other jurisdictions. However, we are bound by the law in this Circuit. In addition, we are persuaded by the decisions from the Eastern District in New Orleans, cited herein and not so much by the cases cited by plaintiffs.