RECEIVED
DEC 23 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH P. RODGERS | CIVIL ACTION NO. 1:08-cv-1300 |
| -vs- | JUDGE DRELL |
| TARGET, CORP. | MAGISTRATE JUDGE KIRK |

## RULING

Pending before the Court is "Plaintiff's Second Motion to File Two Opt-in Consent Forms Out of Time" (Doc. 246) by Joseph P. Rodgers. The motion is opposed by Defendant Target Corporation (Doc. 247). All responses have been submitted and the matter is ready for disposition. For the following reasons, the motion will be **DENIED**.

I. Background

This Court conditionally certified this action as a collective action under the Fair Labor Standards Act and ordered Rodgers' counsel to give potential plaintiffs notice that they must opt in if they want to participate. (Docs. 207–08). Target gave Mr. Rodgers the names and addresses of potential opt-ins on April 4, 2014. (Doc. 246). On April 15, he mailed the potential opt-ins a Notice of Collective Action Lawsuit (Notice) and a Consent to Become a Party Plaintiff (Consent Form). Id. In order to join the lawsuit, potential opt-ins just needed to sign and date the Consent Form and return it to the Plaintiff by the deadline. The deadline of June 14, 2014, was written in bold lettering just below the signature line, warning potential opt-ins that

late responses would not be valid. Sylvia Royal-Hill and Jo Ann Jacobs, two potential opt-in plaintiffs, failed to respond to the notice by the deadline. It is asserted that Ms. Royal-Hill was unable to return her form on time due to "personal family matters," and thus sent it in two weeks late. And it is suggested that Ms. Jacobs believed she sent her form in, but apparently never actually mailed it, so upon discovering this mistake, she sent her form in three weeks late. Thus, Mr. Rodgers did not receive these late Consent Forms until after his deadline to file them with the Court.

## II. Law and Analysis

Mr. Rodgers has not shown good cause as to why the Court should alter its scheduling order to allow opt-ins beyond the set deadline. See Fed. R. Civ. P. 16(b); In re Food Lion, Inc., 1998 WL 322682, at *10 (4th Cir. 1998); Camp v. Progressive Corp., 2003 WL 21805039, at *3 (E.D. La. Aug. 5, 2003). We set a sixty-day deadline to give potential opt-ins enough time to consider their options and make an informed decision. As a federal district court in Florida explained in a similar collective action case, "[d]eadlines are placed for a reason and absent a showing of good cause, extensions are disfavored." Cox v. Appliance Direct Inc., 2008 WL 4790729 (M.D. Fla. Oct. 29, 2008). While we are aware that in some cases courts have allowed plaintiffs to opt-in after a deadline even though they did not make a good cause showing, we see no factors in the instant case that persuade us that equity favors late opting in spite of no good cause.

Additionally, while we recognize, as Mr. Rodgers points out in his Reply to Defendant's Response Memorandum, that although opt-in plaintiffs in collective action lawsuits retain the ability to file their own lawsuits, the relevant statute of limitations for Ms. Royal-Hill and Ms. Jacobs's individual claims has run, and they would be barred from filing their own suits. Yet, we also recognize that nothing prohibited either potential opt-in plaintiff from filing her own lawsuit within the applicable time period, so this argument does not persuade us to permit Ms. Royal-Hill and Ms. Jacobs to opt-in out of time.

III. Conclusion

For the foregoing reasons, "Plaintiff's Second Motion to File Two Opt-in Consent Forms Out of Time" (Doc. 246) will be **DENIED**. Disposition will enter by a separate order signed on this date.

SIGNED on this 22nd day of December, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3